GUILLERMO RIVERA RIVERA ET AL., Plaintiffs and Appellants, *v*. LUCAS TRINIDAD and THE COMMONWEALTH OF PUERTO RICO, Defendants and Appellees.

No. R-70-336.     Decided September 13, 1972.

*José N. Dapena Laguna* for appellants. *Gilberto Gierbolini, Solicitor General,* and *Bienvenido Vélez Coello, Assistant Solicitor General,* for The Commonwealth of Puerto Rico.

PER CURIAM: We are dealing with a complaint for damages filed by appellants by themselves and as representatives of their minor son Fernando Rivera Rivera, and by an older full-blooded sister of the latter, against the Commonwealth of Puerto Rico and Police Sergeant Lucas Trinidad for events which occurred on the night of February 14, 1969, in Aibonito. It is alleged in the complaint that while Sergeant Trinidad was on duty he illegally arrested the said minor, and proceeded in a brusque manner, through the use of force and violence, to introduce him into the back part of a prison van, "upon doing so, and with the regulation revolver which he was carrying, he fired a shot which penetrated the body of the said minor in the back, with a bullet orifice of exit on the upper part of this coplaintiff's right shoulder."

Other allegations as to negligence and damages then are formulated and the complaint ends with the following pleading.

"It is expressly alleged for each one and all the causes of action, that codefendant, the Commonwealth of Puerto Rico, was notified of these facts the day after they occurred through the Secretary of Justice; State Police Department at Aibonito and Hato Rey, P.R.; and by the Office of the District Attorney of Guayama, P.R.; and that it was likewise notified of the action for Damages against it, within the ninety (90) days from the date on which the right to such action arose, through certified letter of August 8, 1969, mailed in Ponce, P.R., under receipt number 288520 and received by the Department of Justice of P.R. in representation of the Commonwealth of Puerto Rico on August 11, 1969."

The Commonwealth of Puerto Rico appeared of record with a motion to dismiss. It alleged there that the complaint does not adduce facts constituting a cause of action against the Commonwealth. It relied on the fact that the court lacked jurisdiction for two reasons, to wit:

1. From the very face of the complaint it appeared that plaintiffs had not complied with the notice requirement set forth by the law which authorizes claims against the Commonwealth within the term prescribed.

2. The Commonwealth has not offered its authorization for action against it on account of the acts of its officers, agents, or employees, as stated in the complaint itself.

The court held a hearing, with the appearance of the parties, for the discussion of the motion. It later decided to grant it and rendered judgment dismissing the complaint against the Commonwealth.

The court held that the letter of August 8, 1969, sent to the Secretary of Justice was made outside the ninety (90) days term fixed by law, this requirement being a condition precedent of strict compliance in order to be able to bring suit.

In support of the dismissal the court added, as additional ground, that the actions, like those of the appellants, were not authorized against the Commonwealth.

We agreed to review. The law that authorizes claims against the State for damages to the person or to property establishes in its § 2A, 32 L.P.R.A. § 3077a, that no judicial action whatsoever may be brought for damages caused by a culpable or negligent act of the State unless a written notice has been presented to the Secretary of Justice within the ninety (90) days following the date on which the claimant became aware of the damages claimed stating in a clear and concise manner, the date, place, cause, general nature of the damages, and other data specified therein. The law requires that the notice be served on the Secretary of Justice by certified mail, personally, or in any other authentic way.

Of the five notices which according to the complaint were made by appellants, only the one dated August 8, 1969, that is to say, 85 days in excess of the required 90, was considered by the court, it being concluded that the same was late. The court did not pass on the sufficiency of any of the other four, among which there appears the following allegation concerning the notice:

"It is expressly alleged for each one and all the causes of action, that codefendant, the Commonwealth of Puerto Rico, was notified of these facts the day after they occurred through the Secretary of Justice. . . ."

For the purpose of deciding the motion to dismiss, it was necessary for the judge to consider the said allegation as true. *Cervecería Corona, Inc.* v. *Superior Court*, 99 P.R.R. 678, 681 (1971). The allegation is drafted in simple, concise, and direct language to the effect that the Secretary of Justice received notice of the events the day after they occurred. This is what is required, since, as it is well known in the modern civil procedure it is accepted that the pleadings seek only the purpose of showing in a general way which are

the claims and defenses of the parties. Rule 6.5 (a) of the Rules of Civil Procedure, *Sierra, Sec. of Labor* v. *Superior Court*, 81 P.R.R. 540, 546 (1959). This pleading is sufficient and complies with the rule which requires that compliance with the notice requirement must be alleged as an essential element of plaintiff's claim although it is not a strictly jurisdictional requirement and the failure to allege and prove it must be raised as any other unprivileged defense. *Insurance Co. of P.R.* v. *Ruiz Morales*, 96 P.R.R. 170, 174–175 (1968).

But even though the judge could be conceivably justified in holding that the only notice which he considered was late—notice of August 8, 1969—the complaint, in its allegations, was subject to amendment, inasmuch as pursuant to the law authorizing litigations against the State the notice requirement may be dispensed with if there is just cause for its noncompliance,[1] dispensation which recognizes that compliance with said requirement presupposes a person capable of doing it and that the severity of the injuries received, under certain circumstances, may be a relevant factor as to whether or not it prevented the injured party from giving notice. *Mangual* v. *Superior Court*, 88 P.R.R. 475, 480 (1963). The dismissal of a complaint lies only when the court, upon considering the allegations, is fully convinced that it does not lie under any premise whatsoever, and therefore, the same is not subject to amendment. *Figueroa* v. *Superior Court*, 88 P.R.R. 119, 121 (1963).

The second ground for dismissal of the complaint takes root on the fact that the alleged facts, accepting the same as

---

[1] Paragraph (e) of § 2A of said law establishes (32 L.P.R.A. § 3077a (e)):

"No judicial action of any kind may be brought against the Commonwealth of Puerto Rico for damages caused by a culpable or negligent act of the Commonwealth, unless the written notice has been served in the form and manner and within the terms prescribed in this section, *unless there is just cause therefor.*" (Italics ours.)

certain, constitute assault and battery or some other offense against the person, and the action on the same against the State is not authorized by the latter. The trial judge refers to the section of the law which, upon establishing an exception to the waiver by the State of its immunity, provided that actions for damages against the State by reason of an act or omission of an officer, agent or employee "(d) which constitutes assault, battery, or any other offense against the person . . ." were not authorized. Act No. 104, June 29, 1955, § 6, paragraph (d); 32 L.P.R.A. § 3081(d).

In effect, we have decided in *Báez* v. *Commonwealth*, 87 P.R.R. 62, 67 (1963), that under this paragraph the waiver of the State's immunity remains preserved if damage flows —"from negligent acts of an employee which do not constitute certain offenses in which intent is an essential element." See also, *Montes* v. *State Insurance Fund*, 87 P.R.R. 187, 193–196 (1963).

■ The trial judge had before him a problem of sufficiency of allegations to solve. This was not the stage to make anticipated adjudications on the merits as to whether or not the acts of the officer on firing the weapon constitute the offense of assault and battery or another offense against the person of the minor appellant. It seems risky to us at this stage to consider that mere allegations, to the effect that the officer proceeded in a "brusque" manner and through the use of "force" and "violence" introduced the minor in the prison van and fired a shot at him, fall entirely within the exception to the immunity waiver contemplated in the aforementioned article. The solution should not, in justice, rest on mere allegations, but on the evidence which may be introduced in a trial on the merits concerning different factors such as the seriousness of the act and the motives of the policeman. It was evidently on account of this that the trial judge stated in his judgment:

"As to this ground, nevertheless, it would be more convenient to hear the evidence to determine whether or not there was criminal intent."

We agree with these statements of the judge. The perimeter of the allegations is, in this specific case, a too narrow frame to judge the merits of appellants' claim. The complaint should not have been dismissed. It is not quite clear for us that, definitely after a trial on the merits, the same would not lie under any conceivable presumption of fact or of law.

The judgment object of this appeal will be reversed and the case remanded to the trial court for the continuation there of proceedings consistent with the foregoing.

Mr. Chief Justice Negrón Fernández took no part in the decision of this case.